# CHARLESTON.

STATE ex rel M. W. ECKHART and S. V. WILLIAMS v. W. E. NEAL, *Mayor*, and HOMER L. YEICH and JAMES MURPHY, *Commissioners of the City of Huntington*

(No. 6057)

Submitted September 7, 1927.   Decided September 20, 1927.

MUNICIPAL CORPORATIONS—*City Charter Provision for Letting Garbage Contract Held Not to Prohibit City From Collecting and Disposing of Garbage (Huntington City Charter, § 49).*

> Section 49 of the Charter of the City of Huntington provides: "Before entering into any contract for the collection and disposal of garbage, the board of commissioners shall advertise the same in two newspapers of opposite politics of general circulation in the city once a week for three weeks, and shall award such contract to the lowest responsible bidder, who shall be required to furnish a surety bond in an amount not less than forty per cent of the total annual contract price, conditioned for the faithful performance of such contract." HELD: It is not the intention of this provision of the charter to prohibit the Board of Commissioners from collecting and disposing of the garbage through the regular employees of the city, using its equipment.

> (Municipal Corporations, 43 C. J. § 457.)

> (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Original proceeding by the State, on the relation of M. W. Eckhart and another, citizens and taxpayers of the City of Huntington, for mandamus to be directed to W. E. Neal, Mayor, and Homer L. Yeich and another, City Commissioners.

*Writ denied.*

*John W. Perry* and *John T. Graham*, for relators.

*Philip P. Gibson* and *George S. Wallace*, for respondents Yeich and Murphy.

LITZ, JUDGE:

The petitioners, citizens and tax payers of the city of Huntington, seek to compel (by writ of mandamus) W. E.

Neal, Mayor, and Homer L. Yeich and James Murphy, Commissioners, constituting the Board of Commissioners of the city of Huntington, to contract for the collection and disposal of garbage in the municipality under Section 49 of the Charter, (Chapter 17, Municipal Charters, Acts of the Legislature, 1927), providing:

> "Before entering into any contract for the collection and disposal of garbage, the board of commissioners shall advertise the same in two newspapers of opposite politics of general circulation in the city once a week for three weeks, and shall award such contract to the lowest responsible bidder, who shall be required to furnish a surety bond in an amount not less than forty per cent. of the total annual contract price, conditioned for the faithful performance of such contract.   This clause shall become effective not later than July first, one thousand nine hundred and twenty-seven."

The petitioners, in their petition, aver that although requested by them so to do, the respondents have failed and refused to contract for the collection and disposal of the city's garbage in accordance with this provision of the charter; that they "can and will, and divers other persons could and would, contract for the collection and disposal of garbage if permitted so to do, as provided by the charter" * * * "for an amount not to exceed $47,000.00"; that disregarding their duty "said Commissioners have contracted and are contracting for the disposal of garbage in the City of Huntington by hiring divers different persons by the day, and by otherwise employing, hiring and contracting for the collection and disposal of garbage, in violation" of the charter; and that on account of the refusal of the respondents to comply with the charter, petitioners and other tax payers and citizens of Huntington are deprived of large sums of money which they would otherwise save, and large sums of money which they will be compelled to pay out in taxes for the removal of such garbage.

The respondents, Homer L. Yeich and James Murphy, answer the petition, admitting the alleged demand of peti-

tioners upon them to contract, after advertisement, the collection and disposal of garbage, and aver that they refused to comply with the demand because, in their opinion, to do so would not be the best interests of the city and its citizens. The answering respondents deny that they have contracted or are now contracting for the collection and disposal of garbage, as alleged in the petition, and aver that the garbage is being collected and disposed of by regular employees of the city under the supervision of the respondent James Murphy, as Health Commissioner of the municipality.

It is said in the brief of counsel for petitioners that the Board of Commissioners have contracted with ............Witten and ............Willis for the collection and disposal of the garbage. There is nothing in the case to support this statement.

Being of opinion that it is not the intention of the charter provision under consideration to prohibit the respondents from collecting and disposing of the garbage through the regular employees of the city, using its equipment, on the state of the record the peremptory writ of mandamus will be denied.

*Writ denied.*